RIEDMAN *v*. RIEDMAN ET AL.

[No. 16,013. Filed October 22, 1938.]

*Feemster & Feemster* and *Leroy C. Hanby*, for appellant.

*Clinton H. Givan* and *Charles R. Baker*, for appellees.

CURTIS, P. J.—The complaint in the instant case, in the trial court, was designated by the plaintiffs therein (appellees) as a "complaint for account." It alleged: that the plaintiffs and defendant had been partners since the year 1908 "which includes farming, contracting, selling automobiles and trucks, and parts and accessories therefor, together with garages, repair and paint shops"; that on May 17, 1935, the plaintiffs and defendant entered into an agreement to dissolve the said partnership, which agreement is as follows:

"It is hereby agreed by and between Albert A. Riedman, Harry M. Riedman, and Joseph J. Riedman as follows:

"They agree to dissolve the partnership now and heretofore existing between them under the name of Riedman Bros. Motor Company.

"It is further agreed by and between the parties hereto that Harry M. Riedman shall act as agent for said partnership in the renting of all real estate located in Brookville, Indiana, and shall apply the rentals collected to the payment of taxes and reduction of the debts on said real estate. We hereby further appoint said Harry Riedman to sell all personal property and liquidate all notes and accounts.

(Signed) ALBERT A. RIEDMAN,
HARRY M. RIEDMAN,
JOSEPH J. RIEDMAN."

The complaint then alleged that afterwards the said Harry M. Riedman made a demand for the possession of the personal assets of said partnership in the possession of Joseph J. Riedman in a place of business which had belonged to the partnership and was under the management of said Joseph J. Riedman at Connersville and that he had refused to turn them over to him but continued to collect said assets and to sell other assets of said partnership and will continue so to do unless enjoined. The prayer of the complaint is as follows:

"Wherefore, the plaintiffs pray that the defendant be required to turn over all of the assets of said partnership to Harry M. Riedman for the purpose of liquidating the same and paying the partnership debts and obligations, and that he be required to account for all funds and moneys he has received as a member of said partnership for and on behalf of said partnership, and that defendant be enjoined from making any further sales of said partnership property, and for all other proper relief as may be necessary to accomplish full justice and equity between the parties."

To this complaint the appellant addressed a demurrer

which was overruled. This ruling of the trial court is one of the errors assigned. The complaint was answered in two paragraphs, the first being a general denial and the second admitting the making of the dissolution agreement set out in the complaint and alleging further:

"That there is grave danger of creditors holding mortgages filing suits to foreclose the same. That the mortgaged real estate is of far greater value than the mortgage indebtedness, and prompt action should be taken to forestall such foreclosure proceedings and avoid the additional expense of them. That in order to preserve the assets in the partnership and prevent the dissipation thereof, and to see that the income of said real estate is properly applied to the indebtedness thereon, the court should appoint a receiver to take charge of the same and manage the same."

The prayer of the said paragraph asked among other things that the court appoint a receiver to take charge of the partnership assets and liquidate the same.

Upon the issues thus made the court heard the evidence and made the following general finding:

"The Court now, being sufficiently advised in the premises, finds that said parties are entitled to a dissolution of the partnership heretofore existing between said plaintiffs and said defendant, and that said partnership be, and the same is now by the Court adjudged dissolved as of this date, viz., September 23, 1936.

"The Court further finds that a receiver shall be appointed to take charge of, and have the custody of, all the property of said partnership, real and personal.

"It is further ordered by the court that Joseph G. Fieber be, and is, hereby appointed receiver in the above entitled cause of action to receive and take charge of the property, assets, real estate, accounts, notes, bills receivable, choses in action, and all the property of every kind, character, and description wherever the same may be located or found, and to reduce the same to possession and to collect all outstanding accounts, bills receivable,

choses in action, or other evidence of indebtedness, and to bring suit to recover the same in his own name, and to pay the debts of said partnership so far as he may realize upon the assets thereof."

It is also ordered by the court that the receiver take charge of the property, proceed to wind up the affairs of the partnership; that before entering upon any of the duties of his trust, he execute a bond in the sum of Five Thousand ($5,000.00) Dollars, payable to the Clerk of the Fayette Circuit Court, with surety to the approval of the court, and take an oath to perform his duties as such receiver; and that the costs of the proceeding be taxed as a part of the costs in said receivership. The judgment was in accordance with the finding.

In due time the appellant filed a motion for a new trial which was overruled and this appeal prayed and perfected. The errors relied upon for reversal are: (1) the ruling on the appellant's demurrer to the complaint; and (2) the overruling of the motion for a new trial. The only causes of the said motion which are urged by the appellant are that the finding of the court is not sustained by sufficient evidence and is contrary to law.

As we view the case the complaint was for an accounting and was sufficient to withstand the demurrer addressed thereto. It is true that a complaint must proceed upon some definite theory as contended for by the appellant, but we think this complaint does not violate that rule. It is not so vague or uncertain, as contended for by the appellant, that he could not be apprised thereby of the demands of the appellees.

The trial court heard the evidence and decided that the partnership should be dissolved as of the date of the judgment and also decided that a receiver should be appointed to wind up the partnership affairs.

It is to be noted that the receiver was asked for by the appellant in his second paragraph of answer. He, therefore, certainly could not complain of that action of

the court. After hearing the evidence the trial court concluded to dissolve the partnership as of the date of the judgment. We think there was ample evidence to sustain the court's decision on these matters. The decision is not contrary to law.

Finding no reversible error, the judgment is affirmed.

Dudine, C. J., not participating.